

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



UNITED STATES OF AMERICA §
§
v. § No. 3:12-CR-047-M
§
APOTHÉCURE, INC., §
§
Defendant. §
§

## *UPDATED* PLEA AGREEMENT

Defendant ApothéCure, Inc. ("ApothéCure"), through its authorized corporate officer, Gary D. Osborn, ApothéCure's attorney, Christopher D. Man, and the United States of America ("the government"), agree as follows:

1. **Rights of the defendant:** ApothéCure understands that it has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have its guilt proven beyond a reasonable doubt; and,

   d. to confront and cross-examine witnesses and to call witnesses in its defense.

2. **Waiver of rights and plea of guilty:** ApothéCure waives these rights and pleads guilty to the offenses alleged in the Information, charging two violations of 21 U.S.C. § 331(a), Introducing a Misbranded Drug into Interstate Commerce. ApothéCure understands the nature and elements of the crimes to

which it is pleading guilty, and agrees that the factual resume it has signed is true

and will be submitted as evidence.

      3.     **Maximum penalties:**  The maximum penalties the Court can

impose for each count include:

          a.     a fine;

          b.     a term of probation not to exceed five years;

          c.     a mandatory special assessment of $25.00;

          d.     restitution to victims or to the community, which is
                    mandatory under the law;

          e.     costs of supervision; and,

          f.     forfeiture of property.

The parties disagree on the applicable maximum fine amount.  The

government asserts that the maximum fine for each count is $250,000 under 18

U.S.C. § 3571(b)(4) because the misbranding at issue in this case resulted in death.

ApothéCure disputes that the misbranding resulted in death, and asserts that the

maximum fine for each count in this case is $100,000 under 18 U.S.C.

§ 3571(b)(5).

      4.     **Court's sentencing discretion and role of the Guidelines:**

ApothéCure understands that the sentences in this case will be imposed by the

Court after consideration of the United States Sentencing Guidelines, 18 U.S.C.

§ 3553(a), and other factors relevant to sentencing.  The Guidelines are not

binding on the Court, but are advisory only.  ApothéCure has reviewed the

Guidelines with its attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the Guidelines in this case. ApothéCure will not be allowed to withdraw its guilty pleas if its sentences are higher than expected. ApothéCure fully understands that the actual sentences imposed (so long as they are within the statutory maximum) are solely in the discretion of the Court.

5.      **Guidelines calculation agreement:**

a.      <u>Base offense level</u>:  The parties recommend that the base offense level for Counts One and Two is 6 as found in USSG § 2N2.1(a). The parties further recommend that no other Chapter 2 adjustments apply.

b.      <u>Chapter 3 adjustments</u>:  The parties recommend that no adjustments, other than acceptance of responsibility, apply.

c.      <u>Acceptance of responsibility</u>:  The parties recommend that two (2) levels should be deducted pursuant to USSG § 3E1.1(a) because ApothéCure has clearly demonstrated acceptance of responsibility and timely notified the government of an intention to plead guilty, for an adjusted offense level of 4.

The parties agree that if ApothéCure does not abide by all of the agreements made within this document, ApothéCure's failure to comply is grounds for the loss of acceptance of responsibility pursuant to § 3E1.1(a). The parties further agree that ApothéCure's eligibility for a reduction pursuant to § 3E1.1(a) is based upon the information known at the present

time and that any actions of ApothéCure which occur or which become known to the government subsequent to this agreement and are inconsistent with ApothéCure's acceptance of responsibility including but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to § 3E1.1(a). In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

     d.    <u>Other adjustments</u>: Under USSG § 3D1.2(b), Counts One and Two involve the same victims and were part of a common plan. Therefore, these Counts are grouped together into one group for sentencing guidelines purposes.

     e.    <u>Applicability of USSG § 5K2.1, "Death (Policy Statement)"</u>: The parties disagree as to whether this section is applicable. The government asserts that the Court could depart upward from the appropriate Guidelines range under this section because the misbranding at issue in this case resulted in death. *See* USSG § 2N2.1 cmt. n. 3 (2010). ApothéCure disputes that the misbranding resulted in death. For the purposes of this agreement, the government agrees not to seek an upward departure from the appropriate Guidelines range under this section. Aside from agreeing not to recommend an upward departure from the Guidelines range, this agreement in no way limits the government in its argument, comment, or recommendation at sentencing.

f.   <u>Estimated total offense level</u>:  Based on these recommendations, the parties estimate that the Total Offense Level and Combined Offense Level is 4.

g.   <u>Criminal history</u>:  The determination of ApothéCure's Criminal History Category shall be left to the Court after it reviews the Presentence Report, unless the Court agrees with ApothéCure that no presentence report is necessary.  The Criminal History Category determination will be made only after the United States Probation Office obtains and evaluates the records it can find of ApothéCure's criminal history.  Prior convictions can affect the sentence and usually result in a harsher sentence.  Both parties retain their right to challenge and present arguments, before sentencing, of any finding as to ApothéCure's criminal history and the applicable category.  The parties were not aware of any criminal history of ApothéCure at the time when the plea agreement was signed.  Both parties are aware that the results of a preliminary criminal record check are available for review in the Pretrial Services Report.

h.   <u>Acknowledgment of effect of recommendations</u>:  The parties recognize that they may not have addressed or foreseen all the Guidelines provisions applicable in this case.  Guidelines applications that are not expressly addressed by the parties' recommendations, but which are addressed by the Presentence Report or the Court, may be presented to the

Court for consideration.  The parties agree and understand that the Court,
in its discretion, may apply any Guidelines not addressed in this document.

6.    **Rejection of Guidelines calculation agreement:**  ApothéCure
understands that if the Court rejects the Guidelines calculation agreement set forth
in Paragraph Five, it will have no right to withdraw its guilty pleas.

7.    **Payment of fine:**  The parties agree that a reasonable fine in this
case is $100,000.00.  The parties understand that the government may move the
Court for a higher fine amount under 18 U.S.C. § 3571(b)(4).  ApothéCure must
also make restitution in an amount to be determined by the Court at sentencing.
The parties are not aware of any restitution obligations ApothéCure has at the time
of this agreement.  ApothéCure further agrees that forfeiture, restitution, fine,
assessment, tax, interest or other payments in this case do not constitute
extraordinary acceptance of responsibility or provide any basis to seek a
downward departure or variance from the applicable Sentencing Guidelines range.
ApothéCure understands that the Court may impose an additional fine for each
count, up to the statutory maximum, to be determined by the Court.

8.    **Mandatory special assessment:**  Prior to sentencing, ApothéCure
agrees to pay to the U.S. District Clerk the amount of $50.00, in satisfaction of the
mandatory special assessment in this case.

9.    **Defendant's cooperation:**  At this time, ApothéCure has discussed
with defense counsel and understands that the government does not plan to file a

motion for downward departure under USSG § 5K1.1 of the Guidelines or 18 U.S.C. § 3553, or both, or a motion under Fed. R. Crim. Proc. 35 after sentencing.

10.   **Government's agreement:**  The government will not bring any additional charges against ApothéCure based upon the conduct underlying and related to ApothéCure's pleas of guilty.  This agreement is limited to the Consumer Protection Branch and the United States Attorney's Office for the Northern District of Texas, and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against ApothéCure or any property.

At the time of sentencing, the government will:

a.   make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate, in accord with the terms of this agreement;

b.   comment on the evidence and circumstances of the case;

c.   bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of ApothéCure;

d.   address the Court regarding the nature and seriousness of the offenses;

e.   respond factually to questions raised by the Court;

f.   correct factual inaccuracies in the presentence report or sentencing record; and,

g.     rebut any statement of facts made by or on behalf of

ApothéCure at sentencing.

Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

11.     **Violation of agreement:** ApothéCure understands that if it violates any provision of this agreement, or if its guilty pleas are vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute ApothéCure for all offenses of which it has knowledge. In such event, ApothéCure waives any objections based upon delay in prosecution. If the pleas are vacated or withdrawn for any reason other than a finding that they were involuntary, ApothéCure also waives objection to the use against it of any information or statements it has provided to the government, and any resulting leads.

12.     **Voluntary plea:** These pleas of guilty are freely and voluntarily made and are not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose.

13.     **Waiver of right to appeal or otherwise challenge sentence:** ApothéCure waives its rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal its convictions and sentences. It further waives its right to contest its convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. ApothéCure,

however, reserves the rights: (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of its pleas of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

14.    **Representation of counsel:**  ApothéCure has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation.  ApothéCure has received from its lawyer explanations satisfactory to it concerning each paragraph of this plea agreement, each of its rights affected by this agreement, and the alternatives available to it other than entering into this agreement.  Because it concedes that it is guilty, and after conferring with its lawyer, ApothéCure has concluded that it is in its best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[NO FURTHER INFORMATION ON THIS PAGE]

15.   **Entirety of agreement:**  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 24ᵗʰ day of April , 2012.

SARA R. SALDAÑA
UNITED STATES ATTORNEY

STUART F. DELERY
Acting Assistant Attorney General
Civil Division

MAAME EWUSI-MENSAH
FRIMPONG
Acting Deputy Assistant Attorney
General

MICHAEL S. BLUME
Director

MARK L. JOSEPHS
Assistant Director

By: _____
JOHN W. M. CLAUD
PATRICK R. RUNKLE
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202-307-5747
john.claud@usdoj.gov
patrick.runkle@usdoj.gov

## **CERTIFICATION**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
GARY D. OSBORN
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter this Plea Agreement is an informed and voluntary one.

_____
CHRISTOPHER D. MAN
Attorney for Defendant